UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

STEVEN L. ROBBINS,

    Petitioner,

    v.                              CAUSE NO.: 3:20-CV-955-JD-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Steven L. Robbins, a prisoner without a lawyer, filed a habeas corpus petition challenging his 2004 murder conviction in Marion County under cause number 49G01-0205-MR-140250. (ECF 1.) For the reasons stated below, the petition is denied.

I.     BACKGROUND

In deciding the petition, the court must presume the facts set forth by the state courts are correct, unless Mr. Robbins rebuts this presumption with clear and convincing evidence. *Id.*. 28 U.S.C. § 2254(e)(1). On post-conviction review, the Indiana Court of Appeals set forth the facts underlying Mr. Robbins's conviction as follows:

> On the night of May 12, 2002, Lateasa Purnell had a party at her home to celebrate her friend Latoya Crissler's birthday. Robbins and his wife, Nicole Robbins ("Nicole"), both attended the party. Also present at the party were Teresa Chandler, Minyunette Campbell, Rutland Melton, and Melton's friend Gracin Carpenter. During the course of the evening, Melton got into an altercation with a guest at the party and was asked to leave. Melton complied, and he and Carpenter left the party on foot.
>
> Shortly after Melton left, Campbell borrowed a car so that she could drive Carolyn Crissler home, and Nicole accompanied Campbell. In the meantime, Melton returned to the party to recover his cell phone and a

> necklace that he had left behind. While Melton was recovering his property, Campbell and Nicole returned and agreed to give Melton and Carpenter a ride home.
>
> As Melton and Carpenter began to sit down in the back seat of the vehicle, Robbins came up to the passenger side of the car where Nicole was seated and asked for the keys to their car. Nicole refused to give Robbins the keys and the two began to yell at each other. Robbins eventually began hitting Nicole and at some point she gave Robbins the keys to their vehicle. Seeing Robbins hit Nicole, Melton exited the car and told Robbins to stop. Robbins asked Melton "What?" and Melton repeated his statement. Robbins told Melton "I got something for you," and ran back to his car and retrieved a gun. Robbins ran back to where Melton was standing by the car and said, "What now." Robbins then shot Melton in the chest. The bullet penetrated Melton's heart and liver causing his death. After this, Robbins fled the scene. Robbins was apprehended one month later and was charged with murder and carrying a handgun without a license as a Class C felony.

*Robbins v. State*, 129 N.E.3d 811 (Table), 2019 WL 2455332, at *1 (Ind. App. Ct. June 13, 2019) (internal alteration omitted). Following a jury trial at which Carpenter, Campbell, and Chandler all testified that they saw Mr. Robbins shoot and kill Melton, he was found guilty. *Id.* The court imposed an aggregate 60-year prison sentence. *Id.*

He appealed, raising two arguments: there was insufficient evidence to prove that he deliberately pointed the gun at Melton with the intent to kill him, and his sentence was inappropriately long. (ECF 21-6 at 2.) The Indiana Court of Appeals rejected both arguments. The court found the evidence more than sufficient in light of the eyewitness testimony that Mr. Robbins had an argument with Melton, went and got a gun, pointed the gun directly at Melton, and then shot and killed him. (*Id.* at 5-7.) The court also found his sentence appropriate in light of his prior criminal history and other factors. (*Id.* at 8-9.) The court therefore affirmed his conviction and sentence in all

respects. (*Id.* at 9-10.) He sought transfer to the Indiana Supreme Court, reasserting both of his claims. (ECF 21-7 at 2.) On October 13, 2005, his petition was denied. *Robbins v. State*, 841 N.E.2d 186 (Table) (Ind. Oct. 13, 2005). He did not seek certiorari in the U.S. Supreme Court. (ECF 1 at 1.)

On March 10, 2006, Mr. Robbins filed a *pro se* post-conviction petition, which was later amended after counsel filed an appearance on his behalf. *Robbins*, 2019 WL 2455332, at *1. Following an evidentiary hearing spanning 10 days, at which he was represented by counsel, the petition was denied. *Id.* He proceeded *pro se* on appeal, arguing that his trial counsel was ineffective on various grounds.[1] *Id.* at *2. In its opinion, the Indiana Court of Appeals began by noting that Mr. Robbins's briefs were "difficult to parse and understand," and that the court had endeavored to glean cognizable legal arguments from them but would not "fashion or develop arguments on Robbins's behalf." *Id.* The court understood him to be claiming that his trial counsel was ineffective in failing to interview two individuals who would have testified that it was another couple, not Mr. Robbins and his wife, who got into an altercation prior to the shooting. *Id.* The Indiana Court of Appeals found no basis in the record to conclude that counsel knew about these witnesses, and further, their testimony as described by Mr. Robbins would not have undercut the eyewitness accounts of Mr. Robbins shooting Melton. *Id.* at *3.

---

[1] Mr. Robbins was represented by multiple attorneys at trial, but his post-conviction appeal focused on the conduct of his lead counsel, Melissa Campbell. *See Robbins*, 2019 WL 2455332, at *3 n.2.

3

The court also read Mr. Robbins's brief to argue that his trial counsel should have called Nicole as a witness because she would have corroborated his account that the shooting was accidental. *Id.* at *4. However, the record reflected that counsel did interview Nicole, but at that point her relationship with Mr. Robbins had "deteriorated" and counsel made a strategic decision that Nicole would not make a good witness for the defense. *Id.* Based on the record, the court found that Mr. Robbins failed to establish ineffective assistance of trial counsel and affirmed the denial of post-conviction relief. *Id.*

Mr. Robbins petitioned for rehearing, and on August 16, 2019, the Indiana Court of Appeals issued an order correcting two factual errors in its opinion but otherwise denying rehearing.[2] *Robbins v. State*, 132 N.E.3d 921 (Table), 2019 WL 3850884 (Ind. Ct. App. Aug. 16, 2019). He sought transfer to the Indiana Supreme Court, asserting claims of ineffective assistance of trial counsel, prosecutorial misconduct, and "misquoting of the record" by the Indiana Court of Appeals. (ECF 21-16.) The Indiana Supreme Court denied transfer on November 26, 2019. *Robbins v. State*, 138 N.E.3d 952 (Table) (Ind. Nov. 26, 2019).

On October 22, 2020, Mr. Robbins tendered his federal petition for mailing. (ECF 1 at 22.) The petition is lengthy and often difficult to parse, but giving it liberal

---

[2] Specifically, the court had stated in its original opinion that Mr. Robbins's trial counsel conducted numerous depositions in the case, but in fact the depositions were conducted by an attorney who had represented him earlier in the proceedings and subsequently withdrawn. *Robbins*, 2019 WL 3850884, at *1. The record reflected that trial counsel reviewed all of these depositions even though she did not conduct them. *Id.* The court also noted that, contrary to a statement made in it is original opinion, the name of one of the individuals Mr. Robbins wanted counsel to call as a witness did appear "on one document in a voluminous record." *Id.* The court did not find either error outcome-determinative. *Id.*

construction, he raises the following claims: (1) his trial counsel was ineffective in failing to adequately investigate and failing to present exculpatory evidence; (2) the prosecutor committed misconduct "when she purposely ignored the truth" and failed to present evidence; (3) his counsel on direct appeal was ineffective in omitting certain arguments from his brief; (4) the post-conviction court abused its discretion in denying his petition; and (5) the Indiana Court of Appeals abused its discretion in affirming the denial of post-conviction relief. (*Id.* at 3-22.) The respondent argues that the petition is untimely and, alternatively, that some of his claims are procedurally defaulted or not cognizable on federal habeas review. (ECF 21.) Mr. Robbins filed a traverse in support of his petition. (ECF 30.) The matter is now ripe for adjudication.

II.   ANALYSIS

Mr. Robbins's petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which contains a strict statute of limitations, set forth as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has

5

>
> been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

On direct appeal, the Indiana Supreme Court denied transfer on October 13, 2005. *Robbins v. State*, 841 N.E.2d 186 (Table) (Ind. Oct. 13, 2005). Mr. Robbins did not seek certiorari in the U.S. Supreme Court. (ECF 1 at 1.) His conviction became final for purposes of AEDPA on January 11, 2006, when the 90-day period for seeking certiorari expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009) (when a state prisoner does not petition for review in the U.S. Supreme Court on direct appeal, his conviction becomes final when the time for seeking review expires); U.S. SUP. CT. R. 13 ("[A] petition for a writ of certiorari . . . is timely when it is filed . . . within 90 days after entry of the judgment."). At that point, the one-year clock began running, and it ran for 58 days, until March 10, 2006, when Mr. Robbins filed his petition for post-conviction relief. *See* 28 U.S.C. § 2244(d)(2). The deadline remained tolled until November 26, 2019, when the Indiana Supreme Court denied transfer on post-conviction review. *Robbins v. State*, 138 N.E.3d 952 (Table) (Ind. Nov. 26, 2019). He tendered his federal petition for mailing on October 22, 2020, which was 331 days later. (ECF 1 at 22.) Thus, a total of 389

6

elapsed on the federal clock before Mr. Robbins filed his federal petition, which is more than one year.[3]

When asked to explain why his petition was timely filed, Mr. Robbins stated as follows: "This petition is timely under the provisions of 28 U.S.C. § 2244(d) because it has been less than a year from the last judgment entered in this cause, which was an Indiana Supreme Court decision rendered on November 26, 2020, denying transfer." (ECF 1 at 21.) His reference to "November 26, 2020" is obviously a typographical error, as public records reflect that the Indiana Supreme Court's order denying transfer was issued on November 26, 2019. *Robbins v. State*, 138 N.E.3d 952 (Table) (Ind. Nov. 26, 2019). Indeed, Mr. Robbins's federal petition was signed and tendered for mailing on October 22, 2020, so the November 2020 date he provides could not possibly be accurate.

Additionally, Mr. Robbins appears to be under the assumption that he had one year from the date all his filings were resolved in state court to seek federal habeas relief. That is not accurate. Instead, the federal clock began running as soon as his conviction became final at the conclusion of direct review. 28 U.S.C. § 2244(d)(1)(A). It appears he simply miscalculated the deadline by failing to account for the 58 days that elapsed on the federal clock before he sought state post-conviction relief. His

---

[3] The respondent counts 410 days, but it appears he did not take into consideration that Mr. Robbins is entitled to the benefit of the prison mailbox rule. *Houston v. Lack*, 487 U.S. 266 (1988). Under that rule, Mr. Robbins's federal petition was deemed "filed" when he tendered it to prison officials for mailing on October 22, 2020, rather than on November 12, 2020, when it was received by the clerk. This discrepancy is of no significance, however, because under either analysis, the petition was filed more than a year after his conviction became final.

miscalculation of the deadline or lack of knowledge of the law does not provide grounds for tolling the deadline. *See Davis v. Humphreys*, 747 F.3d 497, 500 (7th Cir. 2014) ("[P]risoners' shortcomings of knowledge about the AEDPA or the law of criminal procedure in general do not support tolling."); *Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006) ("Mistakes of law or ignorance of proper legal procedures are not extraordinary circumstances warranting invocation of the doctrine of equitable tolling.").

Mr. Robbins filed a lengthy traverse in support of his petition (totaling 821 pages with attachments), but he does not present any cogent argument as to why his petition should be deemed timely, and instead focuses on the merits of his claims. (*See* ECF 30.) He does not argue, nor does the court find a basis in the record to conclude, that his claims are based on newly discovered facts or a new Supreme Court case made retroactive to cases on collateral review.[4] *See* 28 U.S.C. § 2244(d)(1)(C)-(D). Nor does he identify any state-created impediment that prevented him from filing his petition on

---

[4] Mr. Robbins has not made this argument, but the court has considered that claims four and five are ostensibly based on errors in the post-conviction proceedings, which would have occurred after his conviction became final. However, as the respondent points out, federal habeas relief is only available for violations of "the Constitution or laws or treaties of the United States." 28 U.S.C § 2254(a). "No constitutional provision or federal law entitles [a petitioner] to any state collateral review," and therefore, "[u]nless state collateral review violates some independent constitutional right, such as the Equal Protection Clause, errors in state collateral review cannot form the basis for federal habeas corpus relief." *Montgomery v. Meloy*, 90 F.3d 1200, 1206 (7th Cir. 1996) (citations omitted). Mr. Robbins does not allege an independent constitutional violation in connection with these claims and instead alleges "abuse of discretion" by the state courts. (ECF 1 at 13, 20.) Therefore, even if he could show that these claims were timely, they would not entitle him to federal habeas relief. In the court's view, claims four and five are better understood as attacking the state court's resolution of his ineffective-assistance-of-trial-counsel claims—in other words, they are merely a formulation of claim one. There is no question that claim one is premised on events occurring at trial which were known to Mr. Robbins at the time they occurred.

time. *See* 28 U.S.C. § 2244(d)(1)(B). Therefore, his petition is untimely and cannot be considered on the merits.[5]

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the court must either issue or deny a certificate of appealability in all cases where it enters a final order adverse to the petitioner. To obtain a certificate of appealability, the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted). For the reasons fully explained above, Mr. Robbins's petition is untimely. The court finds no basis to conclude that reasonable jurists would debate the outcome of the petition or find a reason to encourage Mr. Robbins to proceed further. Accordingly, the court declines to issue him a certificate of appealability.

III.   CONCLUSION

For the reasons set forth above, the petition (ECF 1) is DENIED, and the petitioner is DENIED a certificate of appealability. The clerk is DIRECTED to close this case.

---

[5] Because the petition is untimely, the court does not reach the respondent's alternative arguments regarding claims two and three. (*See* ECF 21 at 5-9.)

SO ORDERED on May 28, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT